[973 NYS2d 281]

In the Matter of MICHELE M. SIMMS-PARRIS (Admitted as MICHELE MARIE SIMMS PARRIS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 16, 2013

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The New Jersey Office of Attorney Ethics (hereinafter the OAE) filed a petition for emergent relief, sworn to on April 14, 2010, with the Supreme Court of New Jersey, seeking, inter alia, the temporary suspension of the respondent from the practice of law in that state. The Supreme Court of New Jersey, in an order filed May 5, 2010, temporarily suspended the respondent from the practice of law in that state, effective immediately, and further ordered that all funds deposited in any New Jersey financial institution maintained by the respondent be restrained from disbursement, except on application to the New Jersey Supreme Court.

The Supreme Court of New Jersey, in an order filed October 13, 2011 (208 NJ 349, 28 A3d 1240 [2011]), disbarred the respondent in the State of New Jersey, and, inter alia, permanently restrained and enjoined her from practicing law in New Jersey.

In particular, the order filed October 13, 2011, disbarred the respondent for violation of New Jersey Rules of Professional Conduct rules 1.1 (a) (gross neglect), 1.3 (lack of diligence), 1.15 (a) (failure to safeguard funds; knowing misappropriation of trust funds), 8.1 (b) (failure to cooperate with ethics authorities) and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and (d) (conduct prejudicial to the administration of justice) and the principles of *Matter of Wilson* (81 NJ 451, 409 A2d 1153 [1979]) and *Matter of Hollendonner* (102 NJ 21, 504 A2d 1174 [1985]). The underlying facts are set forth in a decision of the New Jersey Disciplinary Review Board (hereinafter the DRB), filed under docket number 11-065, decided August 10, 2011 (hereinafter the Decision).

New Jersey Disciplinary Proceedings

On June 21, 2010, the OAE served the respondent with a six-count complaint, alleging that she knowingly misappropriated funds from her escrow account in four separate matters in which she represented clients Bethany Otuteye (count one), Paulette Schaffe (count two), Leslie Pilgrim, Jr., and Doris Pilgrim (count three), and Ramon Dominquez (count four); falsely stated to the Superior Court of New Jersey, Bergen County, that she represented an entity known as Fremont Mortgage, when she was not its legal representative and, when ordered by the court to appear, refused to appear (count five); and refused to produce certain real estate files during the OAE's investigation, including HUD-1 real estate transaction closing statements that had previously been submitted to third-party entities, claiming that these documents were protected by the attorney-client privilege (count six).

The complaint was served by certified mail, return receipt requested, and regular mail, sent to both to the respondent's last known law office address and her last known home address. The certified mail sent to the respondent's home address was returned, marked "unclaimed," but the regular mail sent to this address was not returned. The certified mail sent to the respondent's law office address was not returned, but the USPS Track & Confirm statement indicated that it was "unclaimed," while the regular mail to this address was not returned.

The respondent defaulted in connection with the complaint and subsequently moved to vacate the default, claiming that she did not answer because of procedural service infirmities. She denied the allegations in the complaint, and asserted that the allegations were refuted by documentary evidence in the posses-

sion of the OAE. The DRB was not persuaded by the respondent's arguments, but because of the dire consequences that would result if the motion were not granted, that is, the respondent's disbarment, it vacated the default and remitted the matter to the OAE for further proceedings. Following remittal of the matter, the respondent again failed to file a verified answer to the complaint, was held in default, and, once again, moved to vacate the default. The DRB denied the motion to vacate the default on the grounds that the respondent failed to provide a reasonable explanation for her failure to file an answer to the complaint, and failed to assert meritorious defenses to the charges. The DRB considered each of the many objections asserted by the respondent (e.g., that she was never served with complaint bearing the new docket number, that the OAE's counsel lacked authority to certify the default, that the complaint was not properly filed with the secretary of the district ethics committee, that the submissions of the OAE's counsel were fraudulent, that the OAE's counsel was never assigned to prosecute any matter involving the respondent, that the OAE's counsel manipulated the docket numbers, and that the OAE's counsel circulated fraudulent court orders and used them to cause further injury), and found them each to be without merit. The DRB specifically found that the respondent's statement that the OAE failed to serve the complaint was "without any basis." With regard to the merits of the charges in the complaint, the DRB found that the facts that were recited supported the charges of unethical conduct by the respondent, and that the respondent's failure to file an answer was an admission that the allegations of the complaint were true. Finally, with respect to the appropriate level of discipline to impose, the DRB concluded that the respondent's misappropriation of client and escrow funds, alone, warranted her disbarment, and made that recommendation to the Supreme Court of New Jersey.

The Supreme Court of New Jersey heard oral argument on the matter on October 11, 2011. The respondent appeared pro se. Although specifically requested by the Supreme Court of New Jersey to address the substantive nature of the allegations, the respondent declined to do so, claiming that she was unable to do so because the complaint had not been served on her. Instead, she focused on alleged procedural infirmities in the case.

The Supreme Court of New Jersey, in an order filed October 13, 2011, disbarred the respondent, and, inter alia, permanently

restrained and enjoined her from practicing law in the State of New Jersey.

Notices Pursuant to 22 NYCRR 691.3

The Grievance Committee for the Ninth Judicial District served the respondent with a notice regarding the order of the Supreme Court of New Jersey dated May 5, 2010, temporarily suspending her from the practice of law in that state. In response, the respondent filed a verified statement, in which she asserted all three defenses enumerated in 22 NYCRR 691.3 (c), and requested a hearing. In a decision and order dated October 25, 2011, this Court held the Grievance Committee's application in abeyance, pending a hearing; upon the respondent's request, referred the matter to the Honorable Arthur J. Cooperman to hear and report on the findings of the Supreme Court of New Jersey and the respondent's defenses to the imposition of reciprocal discipline; stayed the hearing until such time as the Supreme Court of New Jersey issued a final order in the matter; and directed the parties to apprise the Court of the final disposition of the Supreme Court of New Jersey.

The Grievance Committee served the respondent with a second notice regarding the final order of disbarment of the Supreme Court of New Jersey. In response, the respondent filed a verified statement, in which she asserted all three defenses enumerated in 22 NYCRR 691.3 (c): (1) that the procedure employed in New Jersey was so lacking in notice or opportunity to be heard that it constituted a deprivation of due process, (2) that there was such an infirmity of proof establishing the misconduct that it must give rise to the clear conviction that this Court could not, consistent with its duties, accept as final the finding of the New Jersey Supreme Court as to the respondent's misconduct, and (3) that the imposition of discipline by this Court would be unjust. Specifically, the respondent claimed, inter alia, that the New Jersey orders of temporary suspension and disbarment were never entered as required by rule 1:20 of the New Jersey Court Rules, and the orders are a "product of misconduct, misrepresentation and fraud which as a matter of fact and law could never support an order of discipline in this Court." She raised additional and separate defenses, including her contention that no complaint was ever filed in the New Jersey proceedings, that there is no admissible proof that she defaulted in the proceedings, that no hearing was ever held, and that she was not given an opportunity to present evidence as to her alleged misconduct. She contended that the

"purported New Jersey proceeding was completely unconstitutional." The respondent demanded a hearing.

In a decision and order of this Court dated February 29, 2012, the Grievance Committee's second application to reciprocally discipline the respondent, based on an order of the Supreme Court of New Jersey disbarring her, was held in abeyance pending a hearing, upon the respondent's request, and the matter was referred to the Honorable Arthur J. Cooperman, previously assigned to hear and report on the matter.

A preliminary conference was held on May 14, 2012, at which it was agreed that the respondent would provide to the Grievance Committee, in advance of the hearing date, a list of her witnesses and an offer of proof relative to the defenses raised. On July 26, 2012, a hearing was held, at which the respondent appeared pro se. No witnesses were called to testify at the hearing. The Grievance Committee put on its case, which consisted entirely of documentary evidence, specifically, the record of the New Jersey proceedings. The remainder of the hearing was largely devoted to a discussion of the respondent's alleged nonreceipt of letters and other agreed-to exchanges, and failed communications. The hearing was adjourned at the respondent's request, and the adjourned date was scheduled for September 20, 2012.

On the adjourned date, September 20, 2012, the respondent did not appear. Instead, the respondent's husband appeared at the Grievance Committee's offices with a letter dated September 19, 2012, addressed to the Clerk of the Court, requesting an adjournment. The Special Referee declined to adjourn the hearing, noting, "frankly, there is a pattern of delay by the Respondent." The Special Referee thereafter concluded the hearing.

Both sides submitted posthearing memoranda. In her memorandum, the respondent continued to maintain that service of the complaint in the New Jersey disciplinary proceeding was defective, that other procedural irregularities occurred, and that, as a consequence, she was deprived of notice and an opportunity to be heard in New Jersey.

In a report dated November 30, 2012, the Special Referee concluded that the respondent failed to meet her burden of establishing one or more of the enumerated defenses, noting that she failed to testify at the hearing of July 26, 2012, and failed to appear on the continued hearing date that had been scheduled for September 20, 2012. Accordingly, the Special Referee found the imposition of reciprocal discipline by this Court to be appropriate.

The Grievance Committee has moved to confirm the Special Referee's report. Although the respondent was served with a copy of the motion papers on December 11, 2012, she has not submitted a response, nor has she requested additional time in which to do so.

Under the totality of circumstances, including the respondent's pattern of delay and lack of merit to her defenses, we find that the imposition of reciprocal discipline would not deprive the respondent of due process, nor would it be unjust.

Accordingly, the Grievance Committee's second application to impose reciprocal discipline is granted, the motion to confirm the report of the Special Referee is granted, and, effective immediately, the respondent is disbarred, based upon the discipline imposed on her in New Jersey.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the petitioner's second application to impose reciprocal discipline is granted; and it is further

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Michele M. Simms-Parris, admitted as Michele Marie Simms Parris, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Michele M. Simms-Parris, admitted as Michele Marie Simms Parris, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michele M. Simms-Parris, admitted as Michele Marie Simms Parris, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michele M. Simms-Parris, admitted as Michele Marie Simms Parris, has been issued a

secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the petitioner's initial application to impose reciprocal discipline is denied as academic.